**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BINER MA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CVS PHARMACY, INC., CVS HEALTH ) <br> CORPORATION, RANDY HATFIELD, ) <br> HUMAN RESOURCES MANAGER OF ) <br> CVS HEALTH CORPORATION, ) <br> ) <br> Defendants. | Case No. 19-cv-3367 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Defendants' motion [42] to substitute/clarify party defendants is granted. CVS Health Corporation is dismissed as a defendant, and Highland Park CVS, L.L.C. is added as a defendant. Plaintiff's motion [43] to strike the declaration of Melanie Luker is denied. Plaintiff's motion [39] to strike Defendants' notification of affiliates is denied. The motion [30] by CVS Health Corp., CVS Pharmacy, Inc., and Randy R. Hatfield to join the pending motion to dismiss is granted. Plaintiff's motion [36] for entry of default judgment is denied. Defendants' motion [13] to dismiss is granted without prejudice. Plaintiff has until February 24, 2020 to file a second amended complaint correcting the deficiencies identified in this order, if she can do so consistent with Federal Rule of Civil Procedure 11. If Plaintiff does not file an amended complaint by February 24, 2020, the Court will convert the dismissal to with prejudice and enter a final appealable judgment against Plaintiff and in favor of Defendants under Federal Rule of Civil Procedure 58. Plaintiff's motion [34] for sanctions is denied.

**I.     Background**

This case arises from a complaint that Plaintiff Biner Ma pursued with the Illinois Department of Human Resources ("IDHR") in 2016. During the resolution process, she alleges that Defendant Randy Hatfield, a human resources officer for CVS Pharmacy, Inc., and Alex Desrosiers, an attorney for CVS Pharmacy, Inc., lied to an IDHR investigator about which CVS entity was the proper party to the dispute, which caused the IDHR to wrongfully deny her claim. Those alleged false statements prompted this suit, which Defendants moved to dismiss, as well as six other motions centered around identifying which corporate entities are the correct defendants. The Court recounts below the matter's winding factual and procedural history as concisely as possible, based on the amended complaint and the other motions and briefs the parties have filed.

On November 27, 2015, Plaintiff attempted to return a $14 item at a CVS Pharmacy located at 6510 North Sheridan Road, Chicago, IL, 60626. Plaintiff had used a $4 coupon to purchase the item, and she and the store manager had a dispute over the amount of the refund and how much of the refund would be in cash and how much would be on a "money card." Plaintiff alleges that she was owed $10 in cash and $4 on a money card. She claims that the manager first gave her $10 in cash without a receipt, but when she asked for a receipt, the manager processed the return on a money card for $14. [22] at 2. Plaintiff alleges that the store manager called her an "ugly Asian" and an "ugly woman." *Id*. She also alleges that the store applied the refund policy differently to non-Asian male customers. Defendants called the police, and after they arrived, Plaintiff alleges that she was terrified and pressured into accepting as a refund $14 on a money card and leaving the store.

Plaintiff filed a discrimination charge with the IDHR against CVS on January 10, 2016. She alleges that Randy Hatfield, a Human Resources Manager employed by a CVS entity, and

2

Alex Desrosiers, an attorney representing CVS Pharmacy, Inc., "came together to make representation that CVS Pharmacy's proper name was CVS LLC" to the IDHR investigator, Anna Polowin. [22] at 6. Plaintiff claims that CVS LLC did not exist at that time and that Hatfield and Desrosiers made the false claim to Polowin to "induce IDHR and Plaintiff to substitute CVS Pharmacy for a non-existing entity." *Id.* Plaintiff alleges that the motivation for substituting a non-existent corporate entity was racial prejudice against Plaintiff. *Id.* Plaintiff refused to sign an amendment to substitute CVS Pharmacy for CVS LLC, but Polowin made the substitution anyway. According to Plaintiff, Polowin did so "under Hatfield and Desrosiers' influence." *Id*. at 7. The IDHR Finding for Plaintiff's claims was "Lack of Substantial Evidence." *Id.* at 15.

On May 31, 2019, Plaintiff filed the instant action against CVS Pharmacy, Inc. alleging fraud, civil conspiracy and violations of 42 U.S.C. § 1985(3), based on Hatfield's and Desrosiers' statements about which corporate entity was the proper party in the IDHR proceeding. See [8]. On July 2, 2019, Highland Park CVS, L.L.C. filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). See [13]. The motion also asserted that the complaint incorrectly named CVS Pharmacy, Inc. as a defendant, and that the proper party to the action was Highland Park CVS, L.L.C., because the underlying allegedly discriminatory events occurred at a store operated by Highland Park CVS, L.L.C. which employed the store manager and personnel involved in the refund dispute. On July 23, 2019, while the motion to dismiss was pending, Plaintiff filed an amended complaint, naming Randy Hatfield and CVS Health Corporation as defendants, without changing or adding any other allegations in the original Complaint. See [22]. On September 20, 2019, Hatfield and CVS Health Corporation filed a motion to join the pending motion to dismiss. See [30].

Defendants filed a notification as to corporate affiliates, in accordance with Local Rule 3.2. See [38]. Plaintiff filed a motion to strike the notification. See [39]. Plaintiff also filed a motion for sanctions [34], alleging Defendants' motion to dismiss is false and frivolous, and a motion for entry of default judgment [36].

At a status hearing on October 2, 2019, the Court discussed with the parties what corporate entities were proper defendants, as well as the easiest way to get the proper entities into the case. Defendants suggested that, rather than moving to dismiss the complaint because it failed to name the proper party, the Court could simply substitute the correct party. For the parties' convenience and the efficient use of judicial resources, the Court asked Defendants to file a motion outlining their position and request. On October 23, 2019, Defendants filed a motion to substitute/clarify party defendants [42]. Defendants also filed an affidavit asserting that Hatfield was not a store employee, but rather a field employee, and therefore reported up through CVS Pharmacy, Inc. [42-1] at 1. The affidavit further states that CVS Health Corporation does not employ any personnel and has no direct involvement in the operation of CVS Pharmacy, Inc. or the CVS store at 6015 North Sheridan Road. *Id.* at 2. Plaintiff filed a motion to strike the affidavit. See [43].

## II.     Preliminary Motions

For clarity and logical consistency, the Court resolves the motions to strike and motion to substitute/clarify party defendants before addressing the motion to dismiss and motion for sanctions.

### *A.     Motion to Substitute*

CVS Pharmacy, Inc. ("CVS Pharmacy") asks the Court to dismiss CVS Health Corporation ("CVS Health") as a defendant and substitute Highland Park CVS L.L.C. Defendants state that CVS Health is a holding company previously incorporated as CVS Caremark Corporation and has

4

no employees. [42-1] at 1. CVS Pharmacy is a wholly-owned subsidiary of CVS Health. CVS Pharmacy is the former employer of Defendant Randy Hatfield. *Id.* CVS Health has no direct involvement in the operation of the CVS pharmacy located on 6510 North Sheridan Road, Chicago, Illinois. *Id.* at 2. Highland Park CVS, L.L.C. operates certain CVS retail stores and pharmacies located in Illinois, including the CVS pharmacy located on 6510 North Sheridan Road. Highland Park CVS, L.L.C. employees all the store employees, except for the pharmacists. *Id.* CVS Pharmacy argues that Highland Park CVS, L.L.C. (rather than CVS Health) is a proper defendant, because the underlying genesis for this action occurred at a CVS store operated by Highland Park CVS, L.L.C., which employed the store personnel involved in the alleged incident, including store manager. [42] at 2. The Court also notes that the motion to dismiss [13] was filed by "Defendant Highland Park CVS, L.L.C. (incorrectly named in the Complaint as 'CVS Pharmacy, Inc.')." [13] at 1.

In response, Plaintiff argues that CVS Pharmacy and CVS Health are both proper defendants, that there are no grounds for substitution under Federal Rule of Civil Procedure 25, and the Highland Park CVS, L.L.C. was not involved in the IDHR proceeding that gave rise to this suit.

The parties seem to agree, as does the Court, that Hatfield and CVS Pharmacy are proper defendants. Defendant has offered evidence that CVS Health is a holding company with no employees and no involvement, direct or indirect, in the facts underlying the case that make it a proper defendant. [42] and [42-1]. Plaintiff has presented no facts to the contrary. That warrants dismissing CVS Health as a defendant.[1] Turning to Highland Park CVS, L.L.C., based on the

---

[1] It is also not entirely clear whether the Court would have jurisdiction over CVS Health, because it is a holding company. See, *e.g.*, *Convergence Aviation, Ltd. v. United Techs. Corp.*, 2012 WL 698391, at *9 (N.D. Ill. Feb. 29, 2012) (dismissing claims against a parent holding company because it did not exercise sufficient control over its subsidiaries to grant the court personal jurisdiction); *Sotelo v. DirectRevenue,*

5

record currently before the Court, it is difficult to tell whether the LLC was involved in the IDHR process (and therefore should be a defendant in this case). The investigator's note about the proper legal name of the respondent in IDHR hearing (see [22] at 15]) suggests that an LLC, rather than an incorporated entity, may have been the participating respondent. Given defense counsel's representations that Highland Park CVS L.L.C. is an appropriate defendant, and out of an abundance of caution, the Court grants Defendants' motion and substitutes Highland Park CVS, L.L.C. for CVS Health as a defendant.

In response to Plaintiff's arguments, the Court notes that this appears to be a case of misidentification, in which the amended complaint names the wrong corporate entity as a defendant. Defendants, attempting to make things easy for a pro se plaintiff and the Court, offered to substitute the correct entity, rather than moving to dismiss the incorrect entity and forcing Plaintiff, at the very least, to file another amended complaint. Misidentification is a formal defect in the complaint and therefore does not implicate the type of substitution addressed in Federal Rule of Civil Procedure 25. See *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (citing Fed. R. Civ. P. 15(c), Advisory Committee Notes (1991 Amendment)).

B.  *Motions to Strike*

Plaintiff filed two motions to strike: one to strike Defendants' notification of affiliates [39], and one to strike the declaration of Melanie Luker in support of the motion to substitute/clarify party defendants [43]. Motions to strike are "disfavored," because they "potentially serve only to delay," except where they "remove unnecessary clutter from the case"). *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007) ("Motions to strike disserve the interest of judicial economy. The

---

*LLC*, 384 F. Supp. 2d 1219, 1227 (N.D. Ill. 2005) (same); *Bakov v. Consol. Travel Holdings Grp., Inc.*, 2016 WL 4146471, at *2 (N.D. Ill. Aug. 4, 2016) (same).

aggravation [they cause one's opponent] comes at an unacceptable cost in judicial time."); *Luxottica Grp. S.p.A. v. Light in the Box Ltd.*, 2016 WL 6092636, at *3 (N.D. Ill. Oct. 19, 2016). A district court's ruling on a motion to strike an affidavit or statement of facts is reviewed for an abuse of discretion. *Marshall v. Local 701 Int'l Bhd. of Elec. Workers*, 387 F. App'x 623, 626 (7th Cir. 2010).

First, Plaintiff argues that the Court must strike the declaration of Melanie Luker [42-1] because it includes the phrase "or based upon information and belief where stated" and because Ms. Luker, as an employee of CVS Pharmacy, does not have personal knowledge of another company, CVS Health. Plaintiff's first argument fails because the phrase is extraneous; none of the factual assertions in the declaration are stated "on information and belief," so they need not and will not be stricken on that basis. Additionally, the second paragraph provides that basis for Ms. Luker's knowledge: "In my capacity as Assistant Secretary [for CVS Pharmacy, Inc.], I am readily familiar with the day-to-day business operations and corporate governance of CVS Pharmacy and its related entities, and I have access to corporate structure information." That statement, given under oath, is sufficient to establish the declarant's knowledge. Nor does Plaintiff's attack on the facts in the declaration persuade the Court. Unsworn statements in unverified printouts from various websites that attribute employment to the parent company CVS Health, rather than the subsidiary CVS Pharmacy, Inc., do not persuade the Court that the companies' corporate or employment relationships are different from Ms. Luker's description. Plaintiff's motion to strike the declaration [43] is denied.

Second, Plaintiff argues that Defendants' notification of affiliates notification of affiliates—which is required by Local Rule 3.2—must be stricken because it was filed by Highland Park CVS, L.L.C., which is not a party to the case. In light of the Court's ruling above on

7

Defendants' motion to substitute/clarify party defendants, Plaintiff's motion to strike the notification of affiliates [39] is denied. Having resolved which defendants are properly in the case, the Court now grants the motion [30] to join the pending motion to dismiss and turns to the motion to dismiss.

### III. Legal Standard for Motion to Dismiss for Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, the claim may be dismissed if the plaintiff "has pled herself out of court by alleging facts that demonstrate she has no viable claim, or if she fails to allege facts that plausibly suggest reliance."

*Roppo v. Travelers Cos.*, 100 F.Supp.3d 636, 643 (N.D. Ill. 2015) (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) and *Iqbal*, 556 U.S. at 678-79).

## IV. Analysis

### A. Fraud (Count I)

Defendants argue that Plaintiff cannot plead fraud because she admits that she did not rely on the truth of any alleged misrepresentations. To state a claim for fraud, Plaintiff must plead "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 805 (7th Cir. 2018) (citing *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (1996)). Plaintiff asserts that Hatfield and Desrosiers made false statements to the IDHR about which corporate entity should be the respondent in the IDHR proceeding. But she pleads that she did not believe the statements and argued to the IDHR that she "pointed it out that CVS LLC was not existing." [22] at 56. Plaintiff's own pleading establishes that she did not rely on the allegedly false statement, and therefore she cannot plead the fourth or fifth elements of fraud.

In her response brief, Plaintiff argues that both she and the IDHR are injured parties with respect to the allegedly false statements and that IDHR's reliance and injury should meet the pleading requirements in her complaint. [20] at 4-5. This is wrong. A litigant must generally assert his or her own legal rights and interests. *Warth v. Seldin,* 422 U.S. 490, 499 (1975). Litigants "cannot sue in federal court to enforce the rights of third parties." *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008) (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 17–18 (2004)). Plaintiff cannot bring claims on behalf of IDHR or use alleged injuries

9

against IDHR to cover defects in her complaint. Because the complaint fails to plead reliance or damage resulting from reliance, it fails to state a claim for fraud.

      *B.      Civil Conspiracy (Count II)*

To succeed in a claim of civil conspiracy under Illinois law, the plaintiffs must eventually establish: (1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (citing *McClure v. Owens Corning Fiberglas Corp.,* 720 N.E.2d 242, 258 (1999)). A claim for civil conspiracy sounding in fraud must be pled with particularity, in accordance with Federal Rule of Civil Procedure 9(b). *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939 (7th Cir. 2013) (finding that plaintiff failed to plead her conspiracy to commit fraud claim with requisite particularity under Fed. R. Civ. P. 9(b)); *Borsellino,* 477 F.3d at 509 (finding that "a handful of unreasonable inferences are not enough to satisfy Rule 9(b)'s particularity requirements" and therefore "the plaintiffs have offered none of the critical details regarding the alleged fraud conspiracy").

Defendants argue that the complaint has not pled the elements of civil conspiracy and merely asserted conspiracy as a legal conclusion, and that the conspiracy claim is duplicative of the underlying fraud claim. Defendants also argue that the intracorporate conspiracy doctrine bars a claim that Hatfield, Desrosiers, and any CVS entity were co-conspirators.

Under the intracorporate conspiracy doctrine, because the acts of an agent are considered to be the acts of the principal, an agent acting within the scope of his employment cannot conspire with the principal nor with other agents. *Milliman v. McHenry Cty.*, 2012 WL 5200092, at *4 (N.D. Ill. Oct. 22, 2012) (collecting Illinois cases); see also *J.C. Whitney & Co. v. Renaissance*

*Software Corp.,* 98 F.Supp.2d 981, 983 (N.D. Ill. 2000) ("Illinois law is clear: a civil conspiracy does not exist between a corporations' own officers or employees." (quotation marks omitted)). Thus Desrosiers—Respondents' attorney and, in that capacity, their agent—and Hatfield could not have conspired with each other, or with their employer.

Investigator Polowin is the other actor described in the amended complaint. Defendant argues that the relevant allegation in the amended complaint—that Hatfield and Desrosiers "corrupted Polowin to agree on carrying out its plan of substituting CVS Pharmacy for a non-existing entity," [22] at 11—does not allege that they made an agreement, but rather Hatfield and Desrosiers "forced the investigator to further CVS's agenda, and not a common interest as is required for a claim of civil conspiracy." [14] at 8. Other portions of the amended complaint support this reading. Paragraphs 27 and 28 read "On December 12, 2018, with the representation above, Hatfield and Desrosiers induced Polowin into substituting CVS Pharmacy for CVS LLC. On December 12, 2018, in reliance on the truth of the representation above, Polowin made effort to induce Plaintiff to sign Amendment to substitute CVS Pharmacy for CVS LLC but Plaintiff did not agree and pointed it out that CVS LLC was not existing." [22] at 6. These paragraphs asset that Hatfield and Desrosiers duped Polowin as well, making her a victim of their alleged fraud, not a co-conspirator. The amended complaint does not plead an agreement (and certainly does not plead any of the necessary elements with particularity, as required by Rule 9(b)) and thus fails to state a claim for civil conspiracy to commit fraud.

    C.    *Civil Conspiracy under 42 U.S.C. § 1985(3)*

To establish a claim for civil conspiracy under § 1985(3), a plaintiff must demonstrate (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or

11

property or a deprivation of a right or privilege granted to U.S. citizens. *Green v. Benden*, 281 F.3d 661, 665–66 (7th Cir. 2002 (citing *Hernandez v. Joliet Police Dep't,* 197 F.3d 256, 263 (7th Cir. 1999)). The plaintiff also must show some racial, or otherwise class-based, invidiously discriminatory animus behind the conspirators' actions, and that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment. *Majeske v. Fraternal Order of Police, Local Lodge No. 7,* 94 F.3d 307, 311 (7th Cir. 1996). To establish the existence of a conspiracy, a plaintiff must show that the conspirators agreed to inflict injury upon her; in other words, that they acted with a single plan, the general nature and scope of which was known to each conspirator. *Hernandez,* 197 F.3d at 263.

The amended complaint asserts that there was a conspiracy among Hatfield, Desrosiers, and Polowin. [22] at 12. As noted above, the amended complaint does not adequately plead any agreement among Hatfield, Desrosiers, and Polowin, much less that the three "acted with a single plan, the general nature and scope of which was known to each conspirator," so it fails to plead a conspiracy and to state a claim under § 1985(3). *Id.*

### D. Alleged Privilege over Statements to IDHR

Defendants argue that their allegedly false statements to the IDHR were made during a quasi-judicial proceeding and are therefore absolutely privileged. [14] at 5. It is not clear from the briefing or the record before the Court whether the IDHR process that Plaintiff and Defendants participated in qualifies as a as a quasi-judicial proceeding. See, *e.g.*, *Kalish v. Illinois Education Association*, 510 N.E.2d 1103, 1105–06 (1987) (listing six powers which differentiate a quasi-judicial body from an executive body performing merely an administrative function); *Illinois Coll. of Optometry v. Labombarda*, 910 F. Supp. 431, 432 (N.D. Ill. 1996) (same). Nor is it clear if the privilege would apply when the IDHR investigator disclosed the substance of the statements in the

12

investigation report.[2] Given the limitations of the briefing on this issue and the Court's resolution of the motion to dismiss on other grounds, it declines to address the privilege issue.

V.     **Motion for Sanctions**

Plaintiff moves for sanctions under Federal Rule of Civil Procedure 11 [34]. Rule 11 establishes that each time an attorney presents a pleading to the court, he "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that (1) it is "not being presented for an improper purpose," (2) "the claims are warranted by existing law," and (3) "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). A court may impose sanctions not only on an attorney but also "on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. In particular, a frivolous argument or claim is one that is 'baseless and made without a reasonable and competent inquiry.'" *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). In determining whether to impose sanctions, a court "must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (citations and internal quotation marks omitted).

Though difficult to understand, Plaintiff's motion for sanctions seems to allege three types of violations of Rule 11: first, that Highland Park CVS L.L.C was not a party but filed a motion to dismiss; second, that the arguments in the motion to dismiss are frivolous and not warranted by

---

[2] The footnote on the investigation report reads: "In the charge, Respondent is named as 'CVS Pharmacy.' However, Respondent indicates that its proper legal name is CVS, L.L.C. On December 12, 2018, Department staff presented Complainant with a proposed technical amendment for the purpose of correcting Respondent's name. Complainant refused to cooperate, declining to execute the technical amendment." [22] at 15.

13

existing law; and third, that Defendants "ma[d]e up" case law applying Federal Rule of Evidence 9(b)'s particularity requirements to civil conspiracy.

Regarding Highland Park CVS L.L.C., Plaintiff's argument is moot because the Court granted Defendants' motion to substitute/clarify party defendants. In any event, as the Court noted, it appeared that Defendants were attempting to help Plaintiff and the Court identify the corporate entities that should be defendants in the case. That warrants gratitude, not sanctions.

Plaintiff's claim that the arguments in Defendants' brief are frivolous itself verges on frivolity. Defendants supported their argument with relevant and helpful citations to the record and caselaw, none of which was frivolous. Plaintiff may disagree with the arguments, but the proper vehicle for expressing disagreement is a response brief, which Plaintiff filed. See [20]. In fact Plaintiff took a second shot at responding to the motion to dismiss by filing without the Court's permission an additional brief in opposition to the motion to dismiss. See [27]. Plaintiff's disagreement with Defendants' arguments does not warrants sanctions.

Finally, Defendants' memorandum of law in support of the motion to dismiss asserts "civil conspiracy sounding in fraud must be pled with particularity," citing Fed. R. Civ. P. 9(b) and *Rose v. MONY Life Ins. Co.*, 2001 WL 214200, at *4 (N.D. Ill. Mar. 2, 2001). [14] at 7. Plaintiff argues that *Rose* does not address civil conspiracy and therefore Defendants "ma[d]e up false case law…for the purposes to deceive[sic]." [34] at 3. *Rose* does in fact address civil conspiracy and states unequivocally "this Court has required that conspiracy must be pled with particularity under Federal Rule of Civil Procedure 9(b)." *Rose*, 2001 WL 214200, at *5 (N.D. Ill. Mar. 2, 2001). That is a correct statement of the law. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939 (7th Cir. 2013) (finding that plaintiff failed to plead her conspiracy to commit fraud claim with requisite particularity under Fed. R. Civ. P. 9(b)); *Borsellino v. Goldman Sachs Grp., Inc.,* 477 F.3d 502,

509 (7th Cir. 2007) (finding that "a handful of unreasonable inferences are not enough to satisfy Rule 9(b)'s particularity requirements" and therefore "the plaintiffs have offered none of the critical details regarding the alleged fraud conspiracy"). Defendant's citation may have contained a typo, since the civil conspiracy section of *Rose* appears at *5 rather than *4. But that is not a reason to sanction a party. In fact, falsely claiming that a case does not contain a proposition of law that it does in fact contain is closer to a Rule 11 violation than any error Defendants' brief may contain. Plaintiff's motion for sanctions is denied.

While on the subject of sanctions, and because the Court is dismissing the amended complaint without prejudice, the Court will highlight a few points in Rule 11, in case Plaintiff wishes to consider filing another amended complaint. Under Rule 11(b), an attorney or unrepresented party that presents a pleading, motion, or other paper to the Court makes certain certifications. Specifically, she certifies that to the best of her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the following two things (among others) are true: first, that the claims and legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and second, that the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. Pro. 11(b)(2)-(3). If Rule 11(b) is violated, the Court may impose sanctions on the violator, including a party to the case. Fed. R. Civ. Pro. 11(c)(1). Rule 11 applies to pro se litigants as well as attorneys. *Wright v. Tackett*, 39 F.3d 155, 158 (7th Cir. 1994); *Karageorge v. Urlacher*, 2019 WL 4735436, at *2 (N.D. Ill. Sept. 27, 2019).

## VI. Conclusion

For these reasons, Defendants' motion [42] to substitute/clarify party defendants is granted. CVS Health Corporation is dismissed as a defendant, and Highland Park CVS, L.L.C. is added as a defendant. Plaintiff's motion [43] to strike the declaration of Melanie Luker is denied. Plaintiff's motion [39] to strike Defendants' notification of affiliates is denied. The motion [30] by CVS Health Corp., CVS Pharmacy, Inc., and Randy R Hatfield to join the pending motion to dismiss is granted. Plaintiff's motion [36] for entry of default judgment is denied. Defendants' motion [13] to dismiss is granted without prejudice. Plaintiff has until February 24, 2020 to file a second amended complaint correcting the deficiencies identified in this order, if she can do so consistent with Federal Rule of Civil Procedure 11. If Plaintiff does not file an amended complaint by February 24, 2020, the Court will convert the dismissal to with prejudice and enter a final appealable judgment against Plaintiff and in favor of Defendants under Federal Rule of Civil Procedure 58. Plaintiff's motion [34] for sanctions is denied.

Date: February 3, 2020

Robert M. Dow, Jr.
United States District Judge